UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CANDRA BETH CLARK,                                                  PETITIONER

V.                                  CIVIL ACTION NO. 1:21-CV-228-TBM-RPM

EVAN HUBBARD,                                                 RESPONDENT

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 2, 2021, petitioner Candra Beth Clark ("Clark"), proceeding *pro se*, filed a 28 U.S.C. § 2241 ("Section 2241") petition for a writ for habeas corpus seeking immediate release from pretrial detention. Doc. [1, 3]. On October 13, 2021, respondent Evan Hubbard ("State") filed the instant motion to dismiss Clark's pretrial Section 2241 petition as moot or, if 28 U.S.C. § 2254 ("Section 2254") applies, to dismiss her petition for failure to exhaust state remedies. Doc. [14]. This motion is opposed. Doc. [15, 18, 24, 35].[1]

### II. RELEVANT BACKGROUND

On March 9, 2021, Clark allegedly caused between $1,000 and $5,000 worth of damage to three cars in Biloxi, MS. Doc. [14], Ex. 1. After Clark's arrest, bail was set. Doc. [1], at 9. On July 26, 2021, a grand jury indicted Clark on one count of malicious mischief, Miss. Code Ann. § 97–17–67(3). Doc. [14], Ex. 1. On August 4, 2021, this Court entered an Order construing Clark's habeas petition and addressing certain related matters. Doc. [7]. In particular, the Court (i)

---

[1] A party must receive leave of court before filing a sur-reply. *Brown v. Wiggins*, No. 3:18–CV–487–HTW–LRA, 2019 WL 3723628, at *1 (S.D. Miss. Aug. 7, 2019). Here, Clark filed a response in opposition to the State's motion to dismiss on October 21, 2021. *See* Doc. [15]. However, she subsequently filed three additional responses to the State's motion without leave of court. Doc. [18, 24, 35]. While Clark's additional filings are procedurally improper, the Court still considered those responses in connection with the State's motion.

1

construed Clark's petition as arising under Section 2241; (ii) limited the scope of criminal proceedings challenged herein to her 2021 malicious mischief charge; and (iii) dismissed as misjoined all 42 U.S.C. § 1983 ("Section 1983") claims. *Ibid.* Finally, on October 4, 2021, Clark pleaded guilty to malicious mischief and was sentenced to a term of imprisonment. Doc. [14], Ex. 3.

### III. ANALYSIS

#### A. Section 2241 Generally

To be eligible for pretrial habeas relief, "a petitioner must be 'in custody' and must have exhausted his available state remedies[.]" *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987). While Section 2241 contains the "in custody" requirement, 28 U.S.C. § 2241(c)(3), "[t]he exhaustion doctrine is a judicially crafted instrument[,]'" *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (citations omitted). If a petitioner is seeking to "enforce the state's obligation to bring him promptly to trial[,]" he must only exhaust his state remedies and be "in custody" before the Court reaches the merits of his petition, *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1282–83 (5th Cir. 1976)), because enforcing the State's obligation to bring a defendant to trial does not disrupt a state court proceeding, *Braden*, 410 U.S. at 489, 93 S.Ct. 1123; *Montano v. Texas*, 867 F.3d 540, 545 (5th Cir. 2017); *Atkins v. Michigan*, 644 F.2d 543, 548 (6th Cir. 1981). On the other hand, if the petitioner seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes[,]" he must also show "special circumstances." *Braden*, 410 U.S. at 491, 93 S.Ct. 1123.

#### B. Should Section 2254 Apply to Clark's Petition?

*After* a petitioner is convicted and sentenced, the Court can no longer provide him with *pre*trial habeas relief. *Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973).

However, as the State's motion suggests, Doc. [14], at 6, 8–9, district courts in the Fifth Circuit have approached the next question—what happens to a pretrial Section 2241 petition after conviction—in different ways. *Compare Redd v. Warden*, No. CV 20–1617, 2021 WL 343957, at *2 (W.D. La. Jan. 15, 2021), *adopted*, No. CV 20–1617, 2021 WL 328866 (W.D. La. Feb. 1, 2021), *with Chadman v. Fowler*, No. 4:17–CV–703–O, 2018 WL 4051868, at *3 (N.D. Tex. Aug. 24, 2018). As these and other decisions demonstrate,[2] it is an open question in the Fifth Circuit whether dismissal of the petitioner's Section 2241 petition as moot, *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988), *cert. denied*, 490 U.S. 1099 (1989); *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993), or application of Section 2254 to his petition, *Hartfield v. Osborne*, 808 F.3d 1066 (5th Cir. 2015), is appropriate after conviction.

The Court begins with *Fassler*. In that case, a federal defendant ("Fassler") filed a pretrial Section 2241 petition after his bail application was denied. *Fassler*, 858 F.2d at 1017. Shortly after the petition was filed, Fassler was convicted of the underlying criminal charge and the district court dismissed his Section 2241 petition as moot. *Ibid.* On appeal, the Fifth Circuit upheld the district court's dismissal of the pretrial petition as moot on the grounds that Fassler was legally in federal custody after his conviction and, therefore, pretrial relief could not be granted. *Id.* at 1018. In support, the Fifth Circuit panel relied heavily on *Medina v. California*, in which the Ninth Circuit held that a state prisoner's pretrial Section 2241 petition challenging revocation of pretrial bail was moot after conviction. 429 F.2d 1392, 1392 (9th Cir. 1970) (per curiam). Later, in *Yohey*, the Fifth Circuit rejected a *pro se* petitioner's argument that "the state court erred in refusing to

---

[2] In particular, some courts have interpreted *Hartfield* to require consideration of all Section 2241 petitions under Section 2254 if the petitioner is convicted before the Section 2241 petition is resolved, *Redd*, 2021 WL 343957, at *2, while other courts have simply applied *Fassler/Yohey*, *Chadman*, 2018 WL 4051868, at *3, and still other courts have narrowed *Hartfield* to its facts, *Ashley v. Tuten*, No. CV 19–0201, 2019 WL 1102229, at *2 (W.D. La. Feb. 22, 2019), *adopted*, No. 3:19–CV–0201, 2019 WL 1102218 (W.D. La. Mar. 8, 2019).

3

grant his requests for pretrial habeas relief" on the grounds that "claims for federal habeas relief for pretrial issues are mooted by . . . [a] subsequent conviction." 985 F.2d at 223–24, 228–29.[3]

More recently, in 2015, the Fifth Circuit decided *Hartfield*. In that case, a state court defendant ("Hartfield") filed a pretrial Section 2241 petition seeking dismissal of his indictment on various grounds. *Hartfield*, 808 F.3d at 1070–71. The district court dismissed Hartfield's petition on the grounds that he failed to demonstrate "special circumstances" warranting derailment of a state proceeding. *Ibid.* After Hartfield appealed the district court's decision but before the Fifth Circuit entered a ruling, Hartfield was convicted of the underlying state court criminal charge. *Ibid.* Observing the "unusual procedural posture" of Hartfield's case, the panel characterized the relevant question as "[w]hether [Section] 2254 governs a habeas application when the petitioner is currently in custody pursuant to a state court judgment[] but was not at the time of filing[.]" *Id.* at 1071. Relying on the text of Section 2254, the panel reasoned that Section 2254 acts as a mandatory additional limitation on a petitioner's pretrial Section 2241 petition after conviction because "any habeas writ that issues from a federal court . . . would necessarily release [the petitioner] from custody pursuant to a state court judgment." *Ibid.* Consistent with this finding, the panel concluded that Section 2254 applied to Hartfield's Section 2241 petition after his conviction. *Id.* at 1071–72. Nevertheless, since Hartfield's certificate of appealability and notice of appeal only addressed pretrial "special circumstances," the Fifth Circuit declined to address Hartfield's new arguments that his claims were still cognizable under Section 2254 and an exhaustion exception applied. *Id.* at 1073–74. As such, the panel remanded the case for further consideration of those

---

[3] The Fifth Circuit has subsequently relied on *Fassler/Yohey* for the proposition that a state or federal defendant's pretrial Section 2241 petition for pretrial relief, such as bail, is moot upon conviction. *See, e.g.*, *Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010); *United States v. Route*, 65 F. App'x 508 (5th Cir. 2003).

arguments. *Ibid.* The *Hartfield* panel neither addressed *Fassler*/*Yohey* nor found Hartfield's petition to be moot.

As *Hartfield* was not an *en banc* decision and the U.S. Supreme Court did not overturn *Fassler*/*Yohey*, *Hartfield* and *Fassler*/*Yohey* both remain good Fifth Circuit law. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). At first blush, *Fassler*/*Yohey* and *Hartfield* may appear to be in some tension. However, a closer look reveals that this is not the case. The relevant distinction between these two lines of cases is the relief sought by the petitioner in his pretrial Section 2241 petition. In *Hartfield*, the Fifth Circuit held that Section 2254 *alone* provides a state pretrial petitioner with legally cognizable relief—i.e. "release . . . from custody pursuant to a state court judgment"—after he is convicted. *Hartfield*, 808 F.3d at 1071–72. Relying on this proposition, the *Hartfield* panel declined to dismiss Hartfield's pretrial petition as moot because he argued that he will be able to, on remand, demonstrate that his pretrial Section 2241 habeas claims can result in legally cognizable Section 2254 relief. *Id.* at 1073–74. By contrast, in *Fassler* and *Yohey*, the petitioners *only* sought, in relevant part, purely pretrial habeas relief. *Fassler*, 858 F.2d at 1017–18; *Yohey*, 985 F.2d at 228. While the Fifth Circuit did not expressly state that *Fassler* and *Yohey* were moot because *Section 2254* relief was unavailable, the panels rested their respective decisions on the fact that the petitioners only sought pretrial relief and were now in custody after conviction. *Ibid.* In substance, the reasoning in *Fassler* and *Yohey* is the same as in *Hartfield*—purely pretrial habeas relief is not available after conviction. The key distinction between the cases is that, unlike Fassler and Yohey, Hartfield argued that his claims could result in legally cognizable Section 2254 relief.[4]

---

[4] After *Hartfield*, at least two unpublished Fifth Circuit cases reinforce this relief-based distinction. *See*, *e.g.*, *Wade v. Wichita Cty., Texas*, No. 21–10283, 2021 WL 5751441, at *1 (5th Cir. Dec. 2, 2021); *Martinez v. Atkinson*, 678 F. App'x 218, 219 (5th Cir. 2017).

5

In light of the above, when deciding whether to apply *Fassler*/*Yohey* or *Hartfield*, the Court asks whether a particular pretrial Section 2241 claim can, after conviction, still result in legally cognizable relief—that is, "release . . . from custody pursuant to a state court judgment." *Hartfield*, 808 F.3d at 1071–72. If the claim can only result in pretrial habeas relief, the Court applies *Fassler*/*Yohey*. *Fassler*, 858 F.2d at 1017–18; *Yohey*, 985 F.2d at 228. However, if the claim can result in legally cognizable Section 2254 relief—i.e. release from custody pursuant to a state court judgment, the Court applies *Hartfield*. 808 F.3d at 1071–72. Now, the Court turns to Clark's petition.

Liberally construed, Clark's petition only contains three habeas claims that relate to her 2021 malicious mischief conviction.[5] In her first claim, Clark challenges the state court's pretrial bail determination because "nine different bondsmen" declined to assist her make bail. Doc. [1], at 9. Since she only seeks release from pretrial detention, the *Fassler*/*Yohey* line of cases applies to this claim. *Fassler*, 858 F.2d at 1018; *Yohey*, 985 F.2d at 228–29. In her second claim, Clark argues that she received ineffective assistance of counsel ("IAC") because she was "denied counsel" before pleading guilty. Doc. [1], at 10. If the Court found in Clark's favor on this claim, she may be entitled to release from custody pursuant to a state court judgment. *Anaya v. Lumpkin*, 976 F.3d 545, 550 (5th Cir. 2020). As such, the *Hartfield* line of cases applies. *Hartfield*, 808 F.3d at 1070–71. In her third and final claim, Clark argues that the State cannot prove every element of malicious mischief. Doc. [1], at 10. If Clark succeeds on her sufficiency of the evidence claim, she may be entitled to release from custody pursuant to a state court judgment. *Bledsue v. Johnson*, 188 F.3d 250, 258–60 (5th Cir. 1999). As a result, the *Hartfield* line of cases also applies to this claim. *Hartfield*, 808 F.3d at 1070–71.

---

[5] Clark raises other claims that fall outside the scope of the instant proceeding, Doc. [7], including Section 1983 claims, claims arising from unrelated convictions, and claims that state officials "kidnapped" her child, Doc. [1, 3].

### C. *Fassler/Yohey* Claim

In her pretrial bail claim, Clark sought release from pretrial detention. Doc. [1], at 9. However, she pleaded guilty to the only charge underlying her petition on October 4, 2021, Doc. [7]; [14], Ex. 2–3, and was subsequently sentenced to a term of imprisonment, Doc. [14], Ex. 2–3. As such, the Court cannot release Clark from pretrial detention because she is now incarcerated pursuant to a state court judgment. *Fassler*, 858 F.2d at 1018; *Yohey*, 985 F.2d at 228–29. For these reasons, this claim is moot and should be dismissed as such.[6] *Ibid.*

### D. *Hartfield* Claims

Turning to Clark's IAC and sufficiency of the evidence claims, Doc. [1], at 9–10, it is well-established that "a state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S.Ct. 2058, 2064, 198 L.Ed.2d 603 (2017). To exhaust, the petitioner must invoke "one complete round" of the State's "established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The petitioner's "complete round" of state review may take one of two forms. He may: (i) directly appeal through the State's "normal, simple, and established" appellate procedure, *ibid.*, or (ii) collaterally attack his conviction via an application for postconviction relief, *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). Furthermore, a petitioner must "fairly present" his federal claims in state court before seeking federal habeas review of those claims. *O'Sullivan*, 526 U.S. at 844, 119 S.Ct. 1728. If a petitioner fails to exhaust before filing a Section 2254 petition, he is barred from pursuing his federal habeas claims before this Court "unless it appears that— . . . (B)(i) there

---

[6] In opposition, Clark argues that her pretrial bail claim is not moot because she entered an *Alford* plea and, therefore, was never found guilty. Doc. [15], at 2; [26], at 1. However, an *Alford* plea, like any other guilty plea, results in a conviction and sentence and, therefore, moots purely pretrial habeas claims. *North Carolina v. Alford*, 400 U.S. 25, 36–37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Clark's other arguments are facially meritless and do not require discussion. For example, she argues that her petition is not moot because her imprisonment constitutes "ongoing abuse." Doc. [15], at 3.

is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Here, Clark argues that she exhausted her state remedies because she filed multiple state habeas petitions in early 2021. Doc. [15], at 3, Ex. 1; [20], at 5. However, Clark concedes that these petitions relate to her ongoing attempts to obtain custody of her child. *Ibid.* Since Clark only presented child custody claims in state trial court, Clark did not "fairly present[]" any claims related to her 2021 malicious mischief conviction in state court before filing the instant petition. *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Clark does not identify any other attempts, let alone successful or relevant attempts, at exhaustion prior to filing the instant petition—and this Court is otherwise unaware of any exhaustion by Clark. *Davila*, 137 S.Ct. at 2064 (noting that exhaustion must occur *before* a federal habeas petition is filed). Therefore, Clark failed to exhaust her state remedies.

Next, the Court turns to the exhaustion requirement exceptions. 28 U.S.C. § 2254(b)(1). Insofar as an "absence of [an] available State corrective process" is concerned, Clark generally has an avenue to relief available in state court—she may collaterally attack her guilty plea by applying for postconviction relief. *Anderson v. Middlebrooks*, No. 3:20–CV–00680–TSL–RPM, 2021 WL 3044440, at *3 (S.D. Miss. June 24, 2021) (collecting cases), *adopted*, No. 3:20–CV–680–TSL–RPM, 2021 WL 3044151 (S.D. Miss. July 19, 2021). Clark has not demonstrated that she is precluded from pursuing such relief in state court. *Ibid.* Next, the Court turns to "circumstances . . . that render such [a state] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). On this front, an "inordinate and unjustified delay in the state corrective process" may justify excusing the exhaustion requirement in a particular case. *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976) (per curiam). However, the Fifth Circuit has "not applied [the] unjustified-

delay excuse after Congress passed AEDPA in 1996." *Hopes v. Davis*, 761 F. App'x 307, 310 (5th Cir. 2019) (collecting cases). Since Clark pleaded guilty on October 4, 2021, there has plainly been no "inordinate and unjustified delay in the state corrective process" here. *Redd*, 2021 WL 343957, at *2. Finally, the U.S. Supreme Court has identified "exceptional cases" where excusing the exhaustion requirement may be appropriate, such as "interference[] by the state authorities with the operations of departments of the general government, . . . [or] the delicate relations of that government with a foreign nation." *U.S. ex rel. Kennedy v. Tyler*, 269 U.S. 13, 19, 46 S.Ct. 1, 70 L.Ed. 138 (1925). The instant proceeding does not present such a case. Doc. [1]. Ultimately, none of the exhaustion exceptions apply here.

Since Clark has failed to exhaust her state remedies and none of the exhaustion exceptions apply, her IAC and sufficiency of the evidence claims should be dismissed without prejudice for failure to exhaust. 28 U.S.C. § 2254(b)(1).

### IV. Motion for Preliminary Injunction

Next, the Court turns to Clark's motion for a preliminary injunction. Doc. [19]. In relevant part,[7] Clark seeks to be released from prison. *Id.*, at 1. To obtain a preliminary injunction, a petitioner must demonstrate "a [(i)] substantial likelihood that his habeas petition will be granted on the merits[; (ii)] irreparable injury in the absence of a preliminary injunction[; (iii)] a balance of hardships favoring the issuance of the injunction[; (iv)] and no adverse effect on the public interest." *Topletz v. Skinner*, 7 F.4th 284, 293 (5th Cir. 2021). A petitioner is only entitled to a preliminary injunction upon meeting all four burdens. *Id.* at 301. Here, Clark did not exhaust her IAC and sufficiency of the evidence claims before filing the instant petition and her pretrial bail

---

[7] Clark also asks the Court to "return her child." Doc. [19]. However, the Court lacks jurisdiction to grant her such injunctive relief here. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of [the petitioner's] detention.").

claim is moot. Since the Court cannot reach the merits of Clark's claims, she does not have a substantial likelihood of success on the merits of her petition. *Topletz*, 7 F.4th at 293. For these reasons, Clark's motion must fail. *Id.* at 301.

## V. Clark's Other Motions

Before concluding, the Court briefly addresses certain motions and letter-motions filed by Clark. *See* Doc. [9, 10, 11, 15, 20, 24, 26, 28, 30, 35, 39]. These motions fall into two broad categories. First, Clark moves the Court to initiate criminal proceedings against state Child Protective Services and other state officials for allegedly "kidnapping" her child. Doc. [11, 15, 20, 24, 26, 28, 30]. However, the Court lacks any power to require federal prosecutors to initiate criminal proceedings against an individual or organization. *United States v. Davis*, 285 F.3d 378, 383 (5th Cir. 2002). Furthermore, since Clark seeks relief that does not relate to *her* "[being] prosecuted []or threatened with prosecution," she "lacks standing to contest the policies of the prosecuting authority[.]" *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). On either ground, these motions fail. Doc. [11, 15, 20, 24, 26, 28, 30].

Second, Clark moves for relief from her conditions of confinement. Doc. [15, 20, 35, 39]. In these motions, Clark complains about various aspects of prison life, including confinement, food, and mold. *Ibid.* Putting aside that it is well-established that "[i]f 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' . . . the proper vehicle is a [Section] 1983 suit[,]" *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (quotation omitted), and a favorable decision on Clark's above complaints would not accelerate her release, the Court previously dismissed all Section 1983 claims attached to her petition, Doc. [7]. These motions fail. *Pierre*, 525 F.2d at 935–36.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the respondent's motion to dismiss is granted. Furthermore, the undersigned recommends that Clark's motion for a preliminary injunction, and other motions addressed above, be denied.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. *A party's failure to file such objections to the proposed findings, conclusions and recommendation* contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 4th day of March 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE