# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CANDRA BETH CLARK**  **PETITIONER**

**v.**  **CIVIL ACTION NO. 1:21-cv-228-TBM-RPM**

**EVAN HUBBARD**  **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [40] entered by United States Magistrate Judge Robert P. Myers, Jr. on March 4, 2022.

After considering the submissions of the parties, the record, and relevant legal authority, Judge Myers recommends that the Respondent's Motion to Dismiss [14] should be granted. Judge Myers further recommends that the Petitioner's Motion for Preliminary Injunction [19] be denied because she failed to exhaust her ineffective assistance of counsel claim and sufficiency of the evidence claims and her pretrial bail claim is moot. The Petitioner has not filed an objection to the Report and Recommendation, and the time for filing an objection has expired. Indeed, instead of filing an objection to the Report and Recommendation [40], the Petitioner filed a Motion [41] for Release and Change of Sentencing.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition (citations omitted); s*ee Casas v. Aduddell*, 404 F. App'x 879, 881 (5th Cir. 2010) (affirming district court's dismissal of Section 1983 claims and stating that "[w]hen a party fails timely to file written objections to the magistrate judge's proposed findings, conclusions, and recommendation, that party is barred from attacking on appeal the unobjected-to

proposed findings and conclusions which the district court accepted, except for plain error") (citing *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)); *Douglass*, 79 F.3d at 1430 (affirming district court's grant of summary judgment).

Judge Myers entered the Report and Recommendation [40] on March 4, 2022, and the Petitioner filed a Motion [41] for Release and Change of Sentencing on March 17, 2022. Although filed within the time period allowed for objections to a magistrate judge's proposed findings, the Petitioner's claims within her Motion [41] are not related to a specific finding within the Report and Recommendation [40]. *See Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015) ("parties filing objections must specifically identify those findings objected to."). In fact, the merits of the Petitioner's arguments within her Motion [41] were not addressed in the Report and Recommendation, as Judge Myers found that the Petitioner's claims challenging her guilty plea and sentence are unexhausted. [40], pp. 7–9. But even if the Court construed the Motion [41] as an objection to the Report and Recommendation [40] the Petitioner fails to specifically identify the findings in which she objects.

The Court briefly addresses Petitioner's Motion [41]. Petitioner asserts a new claim arguing that her parole date came before she was actually sentenced. Petitioner then states that after she was sentenced her "parole was held up" for a variety of reasons and claims parole is "granted by law when eligible." [41], pg. 1. The Petitioner has not specifically made an argument as to parole at any point during this action. While the Fifth Circuit has held that a district court has discretion to "construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint[,]" the Court declines to exercise

such discretion here. *Hutto v. Epps*, No. 4:08-cv-60-DPJ, 2010 WL 610095, at *2 (S. D. Miss. Feb. 19, 2010) (quoting *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996)). The Petitioner has failed to explain why this issue was not raised in her Petition or in response to the Motion to Dismiss [14], and the Fifth Circuit has noted that failure to present arguments to the magistrate judge can constitute a waiver of such argument. *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994) (citing *Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988)). Accordingly, the Court finds the Petitioner's argument as to parole is not properly before this Court.

Furthermore, Petitioner claims she is not "being paid for the work [she] is required to do." [41], pg. 1. The underlying conviction in this matter is based on Petitioner's conviction for malicious mischief. [40], pg. 2. In her Motion [41], Petitioner claims that the malicious mischief charges against her have been dropped and requests damages for her "illegal lockup." [41], pg. 2. However, Petitioner pled guilty to malicious mischief, and the Court previously dismissed all Section 1983 claims. [7]; [14-3]; [40], pp. 2, 7, 9, 10. Therefore, her claims for damages are moot.

Lastly, Petitioner seeks release from prison as well as an overturning of her sentence and to have "any and all restitution[,] parole[,] and probation fees to be construed []as paid in full for the excessive time." [41], pg. 2. The Report and Recommendation finds that "Clark failed to exhaust her state remedies." [40], pg. 8. However, instead of objecting to the finding that Petitioner failed to exhaust her state remedies, Petitioner merely realleges the claims regarding the alleged "kidnap[ing]" of her child and unrelated convictions found within her Petition. Accordingly, Petitioner's claims in her Motion [41] for Release and Change of Sentencing should be dismissed

because they are improperly before the Court. In the alternative, Petitioner's Motion fails to state a claim upon which habeas relief can be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [40] entered by United States Magistrate Judge Robert P. Myers, Jr. on March 4, 2022, is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Respondent's Motion to Dismiss [14] is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petitioner's Motion for Preliminary Injunction [19] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petitioner's objections in her Motion [41] for Release and Change of Sentencing to the Report and Recommendation [40] are **OVERRULED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petitioner's remaining motions are **DISMISSED WITHOUT PREJUDICE** for the reasons discussed in the Report and Recommendation.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus [1] filed by Candra Beth Clark is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this the 22nd day of July, 2022.

TAYLOR B. McNEEL
UNITED STATES DISTRICT